IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MONIQUE GONZALEZ, | § § § | |
| *Plaintiff,* | § § | SA-21-CV-00300-DAE |
| vs. | § § § | |
| KILOLO KIJAKAZI, | § § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns Plaintiff's Motion and Brief for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [#21], which was referred to the undersigned for a report and recommendation. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's motion be granted.

**I. Background and Analysis**

On December 6, 2021, the District Court granted the Commissioner's unopposed motion to reverse the Commissioner's decision finding Plaintiff not disabled and remanded this case under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings [#17]. After remand, the Social Security Administration ("SSA") awarded past-due benefits to Plaintiff in the amount of $69,022.00. (Ex. A [#21-1].) Plaintiff has already been sent a check for 75% of the awarded benefits. SSA withheld 25% of past-due benefits ($17,255.50) in case this amount needed to be paid to Plaintiff's attorney. (*Id.* at 4.)

1

On March 2, 2022, the Court awarded attorney's fees in the amount of $6,400.00 to Plaintiff as a prevailing party under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 [#20]. Plaintiff's attorney, David F. Chermol, now seeks attorney's fees in an amount of $17,255.50 pursuant to Section 206(b)(1) of the Social Security Act, codified at 42 U.S.C. § 406(b). Section 206(b)(1) states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, **not in excess of 25 percent of the total of the past-due benefits** to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A) (emphasis added).

The record reflects that Plaintiff and Mr. Chermol entered into a contingency fee agreement, which provides that Plaintiff will pay Mr. Chermol a fee equal to 25% of the past due benefits awarded to Plaintiff. (Ex. 2 [#21-2].) Mr. Chermol acknowledges that he cannot recover both the full 25% of past-due benefits and keep the $6,400.00 EAJA fee award. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Accordingly, Mr. Chermol asks the Court to deduct the amount of the EAJA award and award him a net payment of $10,855.50.

In considering a motion for a Section 406(b) fee award, the Court must decide whether the requested award is reasonable. *Id.* at 808. An award of 25 percent is considered the ceiling for fees, not an amount that is automatically considered reasonable. *Id.* at 807. Where the plaintiff and his or her attorney have entered into a contingency fee agreement, the Court must review for reasonableness the fees yielded by that agreement and assess whether the fees would result in a windfall for the attorney. *Id.* at 808–09. The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned such that it may be considered a windfall. *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010). It has noted

with approval, however, several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *See id.* at 381–82.  While not determinative, the existence of a contingency fee agreement indicates that the plaintiff consented to the agreed upon fee. *Id*.

The Commissioner filed a response to Plaintiff's motion [#23], indicating that he neither supports nor opposes Mr. Chermol's request.  For the purposes of fee determination, the Commissioner is not a true party in interest; instead, the Commissioner's role is similar to a trustee.  *Id.* at 374 n.1 (citing *Gisbrecht*, 535 U.S. at 798 n.6).  Additionally, the Commissioner does not oppose Mr. Chermol's proposal of deducting the EAJA fee amount and issuing a net Section 206(b) award.

Having reviewed Mr. Chermol's motion, the supporting documentation provided, and the submission by the Commissioner, the Court finds the fee request reasonable. Time records attached to Mr. Chermol's motion demonstrate that he spent 35.1 hours on this case at the federal-court level.  (Ex. 3 [#21-3].)  If the Court awards the requested $17,255.50 in fees, the effective hourly attorney rate would be $491.61.

Mr. Chermol is an experienced disability attorney who has provided effective and efficient representation repeatedly in this Court.  Mr. Chermol's resulting effective hourly rate falls below amounts that even a decade ago were approved by courts as reasonable under similar circumstances.  *See, e.g.*, *Sabourin v. Colvin,* No. 3:11-CV-2109-M, 2014 WL 3949506, at *1–2 (N.D. Tex. Aug. 12, 2014) (finding that the "de facto hourly rate of $1,245.55 per hour" did not constitute an unearned windfall but fair compensation for attorney's fees under § 406(b)); *Prude v. U.S. Comm'r, Soc. Sec. Admin*., No. 11-CV-1266, 2014 WL 249033, at *2 (W.D. La. Jan. 22,

2014) (finding that the resulting hourly fee of $937.50 was reasonable in light of factors "such as the few attorneys in the area who will handle a disability appeal," "the lack of compensation in the many unsuccessful cases," and the fact that the fee was "not attributable to anything other than the attorney's own work"). Additionally, Mr. Chermol motion indicates that he charges a non-contingent hourly rate of $595.00, a rate significantly higher than the effective rate proposed here. Finally, the fee request is consistent with the terms of Plaintiff's fee agreement with Mr. Chermol, which indicates her consent to the award.

In summary, the contingent fee award requested by Mr. Chermol, which takes into consideration the risk of non-recovery, is reasonable. The Court will recommend the District Court grant the motion, reduce the requested fee award by the amount already received as an EAJA award, and order payment in the net amount of $10,855.50 to counsel.

## II.  Conclusion and Recommendation

Having considered Plaintiff's motion, the Commissioner's response, the record, and governing law, the undersigned **recommends** that Plaintiff's Motion and Brief for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [#21] be **GRANTED** and that Mr. Chermol be awarded $17,255.50 in attorney's fees to be certified for payment out of Plaintiff's past-due benefits under 42 U.S.C. 406(b), held by the Commissioner for such purposes, in accordance with agency policy. <u>However, to effectuate the EAJA refund in this matter, SSA should make a net payment to Mr. Chermol of only $10,855.50</u>.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified

mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

    SIGNED this 20th day of May, 2025.

 

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE